**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**JORGE NIEBLA,**

      **Plaintiff,**

**vs.**                           **4:07CV382-SPM/AK**

**UNITED STATES DISTRICT**
**COURT,**

      **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated within the Florida Department of Corrections, has filed a complaint alleging that the court failed to "report the abuse and violation of federal laws" that Plaintiff previously advised it of in unidentified prior court filings. (Doc. 1). Plaintiff has not filed the appropriate motions and other papers for leave to proceed in forma pauperis.

The Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> . . . if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had three or more prior prisoner actions dismissed on the grounds that they failed to state a claim: Case nos. 8:01CV914/TBM; 8:01CV143/TGW, and 8:00CV2306/JSM.  Case nos. 3:05CV230-RV/MD, 4:05CV235-MP/AK, and 4:05CV275-MP/AK were dismissed for failure to comply with a court order and failure to prosecute. Plaintiff has also been identified as a "three striker" in the Southern District. See Case Nos. 0:02CV60676; 9:02CV81055; and 1:01CV4326. See also Case No. 4:05cv242 and 4:06CV340 (cases dismissed without leave to proceed because Plaintiff failed to allege an imminent danger and he has already been listed as a three striker).

The instant complaint has been reviewed and it has been determined that Plaintiff has not alleged the "imminent danger" exception cited supra.  Although he refers to reported physical abuse by guards at Holmes CI and Walton, he does not provide any facts supporting these allegations, does not identify the guards, and he is no longer housed at either of these institutions.  Further, he is attempting to sue the Court for failing to investigate these allegations, which is not a court function nor do these allegations implicate an imminent danger of serious physical injury.  Thus, because Plaintiff has had at least three prior dismissals and does not allege imminent danger of serious physical injury, this case should be summarily dismissed without further order.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice to re-file the complaint and pay the full filing fee of**

**$350.00.**

**IN CHAMBERS** at Gainesville, Florida, this _1ˢᵗ_ day of November, 2007.

_s/ A. KORNBLUM_
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**